No. 8739.

Orleans Appeal.

JOSEPH SCHWARTZ & CO., INC. v. FRANK KIEFER.

(February 2, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.. Where issues of fact alone are involved, the finding of the trial judge will be affirmed unless clearly erroneous.

Appeal from Civil District Court for the Parish of Orleans, Division "B", Hon. Fred. D. King, Judge.

This is an action to recover the cost of repairs on an automobile.

There was judgment for plaintiff and defendant appealed.

Judgment amended and as amended affirmed.

Legier & Gleason and D. V. Doussan, attorneys for plaintiff and appellant.

M. C. Scharff, attorney for defendant and appellee.

BELL, J. Plaintiff sues defendant for $232.21, covering costs of certain parts, repairs and labor furnished to defendant's automobile. Plaintiff appeals from a judgment allowing only $52.05, an amount admitted by defendant to have been due. There are no written reasons for judgment. After careful examination of the record, we are of the opinion that plaintiff should recover an additional amount of $80.16.

Under a written contract, defendant purchased from plaintiff, on June 5, 1920, one Victory Model Moon automobile, for $2,685.00, and also one set of wind shield wings for $25.00. The total purchase price of the car and the wings was $2,710.00, of which amount $1,400.00 appears to have been paid in cash, and the balance in notes subsequently paid. The amount now sued upon is for items of repair and for extra parts and labor, as shown by various invoices annexed to the petition. The written contract, however, stipulates that plaintiff "does not agree to perform any free labor on said automobile nor assume any other expense involved thereon."

The defense to the suit is, in effect, a general denial. Defendant claims in his testimony, against the preponderance of proof to the contrary, that nearly all of the extra parts furnished as per invoices were sold him as parts included in the general equipment of the car and at prices included in the purchase price of the car. We do not find this to be a fact. In addition to the several items admitted to be due, and amounting to $52.05, the following items should be allowed, as still due and unpaid:

|  |  |
|---|---|
|  | $52.05 |
| Adjusting brakes ___ ___ ___ $ 1.50 |  |
| Bumper _____ 12.00 |  |
| Extra cord tire ___ ___ ___ ___ 57.33 |  |
| Grey tube __ _____ ___ ___ __ 5.58 |  |
| Tire cover _____ _____ ___ __ 3.75 | 80.16 |
| Total _____ ___ _ _____ _____ | $132.21 |

All other charges for labor and repairs should be disallowed. These items are for work and materials made necessary because of certain damages to plaintiff's car while in possession and use of plaintiff's agent and salesman. This agent borrowed the car for demonstrating purposes in a sale which he was attempting to make for account of the company. We think the trial judge was correct, therefore, in disallowing these items. It follows that the judgment should be amended, increasing the amount allowed from $52.05 to $132.21.

It is, therefore, ordered that the judgment appealed from be amended so as to allow plaintiff the total sum of One Hundred and Thirty-two and 21/100 Dollars ($132.31), with legal interest thereon from judicial demand until paid, and that defendant be taxed with costs, in both courts. As thus amended, the judgment is affirmed.